IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00211-RPM

THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF
HITT CONTRACTING, INC.,

    Plaintiff,

vs.

COASTAL ENVIRONMENTAL GROUP, INC., and
AEGIS SECURITY INSURANCE COMPANY,

    Defendants.

## ORDER DENYING MOTION TO STAY LITIGATION

This action arises under the Miller Act, 40 U.S.C. § 3131 et seq., for work done at the Florissant Fossil Bed National Monument Visitor Education & Museum Research Facility, near Florissant, Colorado (the Project).

Coastal Environmental Group, Inc. (Coastal) was the prime contractor for the Project pursuant to a contract with the National Park Service.

As required by the Miller Act, Coastal obtained a payment bond from Aegis Security Insurance Company (Aegis).

The payment bond provides that Coastal (as the Principal) and Aegis (as the surety) agreed to be "firmly bound to the United States of America) ... in the penal sum of $2,469,435.00." (Ex. A to the compl.). The bond ensures Coastal's prompt payment to all persons having a direct relationship with Coastal or a subcontractor of Coastal for furnishing

labor, material or both in the prosecution of the work provided in the prime contract and any authorized modifications. (*Id.*)

HITT Contracting, Inc. (HITT) provided labor and materials for the Project, pursuant to a subcontract with Coastal (the Subcontract). (¶12 & Ex. B to the compl.).

Article 6 of the Subcontract between Coastal and HITT provides:

> 6.1 Any controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and Contractor, except that a decision by the Architect shall not be a condition precedent to arbitration. If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.
>
> 6.2 This article 6 shall not be deemed a limitation of rights or remedies which the Subcontractor may have under Federal law, under state mechanic's lien law, or under applicable labor or material payment bonds unless such rights or remedies are expressly waived by the Subcontractor.

(Ex. B at p. 5 of 9).

On March 14, 2014, HITT filed this civil action against Coastal and Aegis to recover $341,241.13 for labor and materials that HITT provided for the Project. The complaint alleges three claims for relief: (1) a Miller Act claim against Coastal and Aegis; (2) a state law claim of breach of contract against Coastal, and (3) a state law claim of quantum meruit against Coastal and Aegis. Supplemental jurisdiction for the plaintiff's state law claims is provided by 28 U.S.C. § 1367.

Coastal and Aegis (the defendants) moved to compel binding arbitration and to stay this litigation. Specifically, the defendants request orders (1) compelling the plaintiff to arbitrate its

state law claims against Coastal and (2) staying litigation of the Miller Act claim, pending arbitration of the underlying dispute between HITT and Coastal. (Defs.' mot. at 6-7; Defs.' reply at 11). The defendants argue that Article 6.1 of the Subcontract encompasses the plaintiff's state law claims against Coastal and arbitration of those claims is required by Colorado's Uniform Arbitration Act, C.R.S. §§ 13-22-201 through -230.

Article 6.2 of the Subcontract expressly reserves HITT's rights under federal law, including its rights and remedies under the Miller Act. The arbitration provision of Article 6.1 has no application to the plaintiff's Miller Act claim.

The defendants urge this court to follow *United States ex rel. Tanner v. Daco Construction, Inc.*, 38 F.Supp.2d 1299 (N.D. Okla. 1999), a similar case. In *Tanner,* the district court held that the underlying dispute between the prime contractor and the subcontractor was subject to arbitration and stayed litigation of the subcontractor's Miller Act claim against the surety, pending the outcome of the arbitration.

*Tanner* is neither binding nor persuasive. Both Coastal and Aegis are subject to liability under the Miller Act.

The purpose of the Miller Act is to provide subcontractors with a federal forum for a prompt recovery of payment on federal projects, by using the fiction that it is a claim of the national government. That purpose would be thwarted by granting the defendants' motion to stay.

It is not clear that the state law claims must be arbitrated by applying Colorado law. Assuming that they are, the arbitration should be stayed pending the adjudication of the Miller Act claims.

Accordingly, it is

ORDERED that the defendants' motion to stay [#13] is denied.

Dated:  May 19, 2014

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge